IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNI SNYDER, and SHANNI SNYDER as *guardian ad litem* for minor child Mani Snyder, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v | ) Civil Action No  **11-0879** |
| BRUCE E DICE, BRUCE E DICE & ASSOCIATES P C , MICHAEL DAUGHERTY, DAVID BERTOK, ROBERT RIZZO, JAMES NOVAK, GREG ARENDAS, ROBERT DIPPOLITO, NICHOLAS DREISTADT, WILLIAM SOMBO, CARL STEINKOPF, WILLIAM KAUFMANN, and JOHN DOES 1 -15, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants | ) **JURY TRIAL DEMANDED** |

RECEIVED

JUL - 5 2011

CLERK, U S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## VERIFIED COMPLAINT

AND NOW COMES the Plaintiffs, Shanni Snyder and Shanni Snyder as *guardian ad litem* for minor child Mani Snyder, and files this, her Complaint

### I.   Introduction

1   Plaintiffs file this case to challenge the constitutionality of actions taken by the defendants in aiding their landlord in illegally evicting Plaintiffs without a court order at 9 00 in the night   Plaintiffs assert that the defendants violated their Fourteenth Amendment guarantee of procedural due process because evictions in Pennsylvania require a judicial order pursuant to the *Pennsylvania Landlord Tenant Law*, the landlord did not obtain a judicial order, and the officers and township solicitor effectuated and aided the illegal eviction

2   The Plaintiffs seek, among other things, a declaration that their Fourteenth Amendment rights were violated when the defendants effectuated the eviction and aided the eviction absent a court order, an injunction prohibiting the defendants from taking part in further illegal evictions after they take possession of the property again, and damages

## II.   Jurisdiction and Venue

3   Plaintiffs bring this action pursuant to the Fourth and Fourteenth Amendments ot the United States Constitution and 42 USC 1983 and 1988 to redress the deprivation by the defendants of rights secured to the plaintiffs under the Constitution and laws of the United States  This Court maintains jurisdiction over such claims pursuant to 28 USC 1331 (federal question jurisdiction), 28 USC 1343 (original jurisdiction over civil rights claims), and 28 USC 2201 (declaratory and injunctive relief)

## III.   Parties.

4   Plaintiffs Shanni Snyder and Shanni Snyder as *guardian ad litem* for Mani Snyder ("Snyders" or "Plaintiffs") are individuals who, for over six months, resided at 1140 Augusta Circle in Irwin, Pennsylvania

5   Defendants Greg Arendas, David Bertok, Robert Rizzo, James Novak, Robert Dippolito, Nicholas Dreistadt, William Sombo, Carl Steinkopf, William Kaufmann, and John Does 1 through 15 (collectively "Police Defendants") are individuals who are employed by the North Huntingdon Police Department as police officers  The Police Defendants acted under color of state law with respect to their actions here

6  Defendant Michael Daugherty is the Chief of Police of North Huntingdon Township, Pennsylvania, and he acted under color of law

7  Defendants Bruce E Dice and Bruce E Dice & Associates P C ("Dice Defendants") consist of an attorney and a law firm who are appointed as the North Huntingdon Township Solicitor  The Dice Defendants purported to act under color of state law with respect to their actions

## IV.    Background and Facts

8  The following narrative is based on information  It will be amended and supplemented once the police reports are obtained and the John Doe Police Defendants can be identified

9  Plaintiffs reside at 1140 Augusta Circle in North Huntingdon Township, Pennsylvania  They have resided at this location for over six months

10  Along with the Plaintiffs, the location was occupied by Sharon Snyder, who is Shanni Snyder's mother and Mani Snyder's grandmother

11  Despite the only residents of the house being Sharon Snyder, Shanni Snyder, and Mani Snyder, the lease to the premises was in the name of Tammy Snyder, who is Shanni Snyder's sister

12  Tammy Snyder, however, does not reside at 1140 Augusta Circle

13  During June, incidents occurred that caused Shanni Snyder to ask a court to enter a protection from abuse order against Sharon Snyder

14  A court found on June 26, 2011, based on the allegations, that a temporary protection from abuse order was warranted and it enjoined Sharon Snyder from being at 1140 Augusta Circle

15  Some of the Police Defendants were required to serve the protection from abuse order and remove Sharon Snyder from the property

16  The Police Defendants did indeed serve Sharon Snyder and have her removed from the property pursuant to the court order

17  As a result of the action, Tammy Snyder contacted the landlord and advised him that she did not want the Plaintiffs remaining on the property

18  The landlord contacted Shanni Snyder and directed her to leave to premises

19  Shanni Snyder explained that she was a resident and needed to be served with a notice to quit followed by judicial action pursuant to Pennsylvania's Landlord Tenant law

20  The landlord stated that because Shanni Snyder's name was not on the lease, she did not reside at the premises, and she had to vacate possession immediately

21  Beginning on June 27, 2011, the landlord contacted his friends and associates at the North Huntingdon Police Department

22  The Police Defendants, on an ongoing basis, went to 1140 Augusta Circle and demanded that the Plaintiffs vacate the property

23  The Police Defendants visited approximately three times per day and threatened to arrest Shanni Snyder if she did not vacate the property

24  Shanni Snyder repeatedly advised the Police Defendants that she was a resident, she did not receive a notice to quit, and there existed to court order allowing her eviction

25  Shanni Snyder repeatedly referred the Police Defendants to the Pennsylvania Landlord Tenant Law

26  The Police Defendants advised Shanni Snyder repeatedly that the Dice Defendants stated that the Plaintiffs could be removed without a Court Order and that Shanni Snyder would be arrested if she did not vacate the premises

27  The Police Defendants visited on each shift on June 27, June 28, June 29, and June 30, 2011

28  Based on information, the visits occurred at the request of the landlord and the Dice Defendants

29  On June 29, 2011, Shanni Snyder provided both the Dice Defendants and Defendant Daugherty with a written communication that stated she was a resident of the address, that she was not served with a notice to quit, and that the landlord did not obtain a judicial order granting him possession of the property

30  Despite receiving the communication, the Police Defendants advised the Plaintiffs that if they did not vacate the premises by 4 00 p m on July 1, 2011, she would be removed and arrested

31  On July 1, 2011, the Plaintiffs filed a lawsuit in the Court of Common Pleas of Westmoreland County against the landlord seeking an injunction prohibiting any interference with their quiet enjoyment of the premises

32  Notice of the lawsuit was provided to the landlord

33  At approximately 4 00 p m on July 1, 2011, a John Doe Police Defendant and the landlord entered the house without the Plaintiffs' permission  Police Defendant William Sombo stood outside during the entry into the residence  During the entry, the John Doe police defendant directed the Plaintiffs to leave the property by 9 00 p m or be arrested at that time

34  A copy of the lawsuit as filed with the Court was posted to the door at 1140 Augusta Circle

35  At approximately 9 00 p m , the landlord arrived at 1140 Augusta Circle with several Police Defendants

36  The landlord began screaming at the Plaintiffs

37  The landlord pointed to the lawsuit on the door and said, "This is how you respond to me?"

38  Shanni Snyder responded, "Yes, this is my response "

39  The landlord stated that the Plaintiffs were not allowed to live at the property and he directed the police remove the Plaintiffs

40  Shanni Snyder advised the police that it was her residence and would not voluntarily leave without a judicial order directing her to release possession of the premises

41  The Police Defendants directed Shanni Snyder to leave the property

42  Shanni Snyder did not leave the property

43  The Police Defendants told Shanni Snyder she was under arrest for trespassing Police Defendant David Bertok was the arresting officer

44  The Police Defendants directed Shanni Snyder to enter their police vehicle

45  Shanni Snyder complied with the directives

46  The Police Defendants took Shanni Snyder to the North Huntington Police Station and Police Defendant Carl Steinkopf took her fingerprints and photographs

47  The Police Defendants told Shanni Snyder she would receive papers in the mail

48  The Police Defendants told Shanni Snyder she could not return to the property or she would be charged with a felony

49  The Police Defendants told Shanni Snyder she could not retrieve her belongings from the premises

50  The Police Defendants refused to provide Shanni Snyder with any written document

51  During the material times, Police Defendant William Kaufmann stood at the dor preventing Shanni Snyder from leaving

52  The forceful eviction at 9 00 p m in the evening occurred with the minor child plaintiff being present

53  Pennsylvania enacted a statutory scheme known as the Landlord Tenant Law of 1951 to govern disputed between property owners and residents

54  Pursuant to Section 250 501 of the Landlord Tenant Law of 1951, a landlord is required to serve a Notice to Quit upon the resident  Depending on the circumstances, the landlord must provide either fifteen (15) or thirty (30) days before he can begin to evict  He cannot simply call the police and have the person removed

55  Thereafter, pursuant to Section 250 502, the landlord may file suit before a District Justice who would hold a hearing between one week and ten days

56  Under Section 250 503, after the hearing, if the District Justice rules in favor of the landlord, the landlord may apply for a *Writ of Possession* five days after the judgment

57  The *Writ of Possession* must be served within forty-eight (48) hours and can be executed on the eleventh day (11)

58  Section 250 513 provides a thirty day period to appeal for victims of domestic violence, such as the Plaintiffs, and ten (10) days otherwise

59  The landlord did not comply with any of the procedures required by Pennsylvania law to evict the Plaintiffs

60  The Police Defendants and the Dice Defendants assisted in the eviction of the Plaintiffs without a court order

61  The Police Defendants, through their threat to arrest Shanni Snyder on serious charges, effectively assisted the landlord in evicting the Plaintiffs

62  There was no indication of circumstances that carry the potential of immediate, serious bodily harm, which may serve to justify eviction without predeprivation process

63  Both the Dice Defendants and the Police Defendants knew that the landlord did not have a *Writ of Possession* and that the eviction was illegal

64  The Dice Defendants and the Police Defendants acted under color of state law in assisting the landlord in evicting the Plaintiffs

65  Clearly established case law put the defendants on notice that their actions were plainly illegal

66  First, the Supreme Court case of *Soldal v Cook County*, 506 US 56, 58 (1992) established that due process rights and the right to be free from an invasion of privacy, search and seizure were implicated when the police aid a landlord with an illegal eviction

67. Second, it is "elementary that procedural due process is implicated only where someone has claimed that there has been a taking or deprivation of a legally protected liberty or property interest." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). It is also well established that possessory interests in property invoke procedural due process protections. See *Fuentes v. Shevin,* 407 U.S. 67, 87, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

### V. Causes of Action

### VIOLATIONS OF THE FOURTEENTH AMENDMENT

68. Plaintiffs incorporate by reference all prior paragraphs as though repeated paragraph by paragraph and word for word herein.

69. Defendants violated Plaintiffs' procedural due process rights and right against unlawful search and/or seizure guaranteed by the Fourteenth Amendment to the United States Constitution by effectuating the eviction without a court order or even notice to quit.

70. No exigent circumstances existed that would allow the officers to suspend the constitutional mandate of ensuring that Plaintiffs had due process of law, in the form an eviction proceeding, before effectuating the eviction.

71. The landlord never showed the Defendants any court order of eviction or other evidence that eviction proceedings occurred.

72. The defendants entered the property without a search warrant or court order of eviction.

73. The defendants removed Plaintiff Shanni Snyder from the property and took her to the police station, effectively evicting her.

74 Defendants threatened Plaintiffs that they would be arrested if they returned to the property

75 There was no indication of circumstances that carry the potential of immediate, serious bodily harm, which may serve to justify eviction without predeprivation due process

76 The Defendants visibly saw that the Plaintiffs resided at the property and that all of their personal effects were located at the property

77 By removing the Plaintiffs, Defendants denied the Plaintiffs access to and use of their personal effects

78 Defendants violated Plaintiffs clearly established Fourteenth Amendment rights by effectuating the eviction without a court order or sufficient exigent circumstances

79 At all relevant times, Defendants were acting under color of law within the meaning of 42 USC 1983

80 Pursuant to 42 USC 1983, the Plaintiffs are entitled to declaratory relief and damages from Defendants to compensate them for the violation of rights conferred to them under the Fourteenth Amendment to the United States Constitution

81 Plaintiff is entitled to an injunction prohibiting the Defendants from evicting, or threatening to evict or remove the Plaintiffs from the residence

WHEREFORE, Plaintiffs Shanni Snyder and Shanni Snyder as guardian of Mani Snyder respectfully demand that this Court (1) Declare that the Plaintiffs' Fourteenth Amendment rights were violated when the Police Defendants entered the property, when they removed Shanni Snyder and took her to the police station, and when they instructed her not to return to where she lived, (2) Enjoin the Defendants from further aiding the eviction without the landlord providing a *Writ of Possession*, (3) Award damages in an amount to be proven at trial, and (4) Grant costs, fees, expenses, and any other relief the Court may determine is appropriate and just

I, Shanni Snyder, declare and state that the foregoing allegations are true and correct to the best of my knowledge (28 USC 1746)

Respectfully submitted,

*Shanni Snyder*
Shanni Snyder
1140 Augusta Circle
Irwin PA 15642

PLAINTIFF