# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNI SNYDER<br>A*nd SHANNI SNYDER As natural*<br>*guardian for minor child E.S.*,<br><br>        Plaintiff,<br>  v.<br><br>MICHAEL DAUGHERTY, DAVID BERTOK, ROBERT RIZZO, JAMES NOVAK, GREGORY ARENDAS, ROBERT DIPPOLITO, NICHOLAS DREISTADT, WILLIAM SOMBO, CARL STEINKOPF, WILLIAM KAUFFMAN, JEFFREY BOULDIN, ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, WILLIAM BOULDIN And ALLEN P. POWANDA A/k/A doing business As POWANDA RENTALS,<br><br>        Defendants. | CIVIL DIVISION<br><br>No: 11-879<br><br><br>U.S. District Judge Mark Hornak<br><br><br>*ELECTRONICALLY FILED*<br><br><br>**JURY TRIAL DEMANDED** |

## MOTION TO COMPEL MORE COMPLETE RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

  AND NOW, come Defendants MICHAEL DAUGHERTY, DAVID BERTOK, ROBERT RIZZO, JAMES NOVAK, GREG ARENDAS, ROBERT DIPPOLITO, NICHOLAS DREISTADT, WILLIAM SOMBO, CARL STEINKOPF And WILLIAM KAUFMANN, *only*, collectively referred to As ("North Huntingdon Defendants") by And through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin, P.C. And Paul D. Krepps, Esquire, and files the within Motion to Compel More Complete Responses to Interrogatories And Request for Production of Documents or in the alternative, that the Court enter An Order that Plaintiff prohibiting Plaintiff from presenting evidence requested in each discovery request, averring in support thereof As follows:

## INTERROGATORIES

1.     Plaintiff failed to timely respond to Defendants' Interrogatories and Request for Production of Documents.

2.     At a Case Management Conference the issue was discussed and the Court thereafter entered an Order compelling Plaintiff to provide full And complete discovery responses on or before December 20, 2012.

3.     Plaintiff served, by facsimile, purported responses to Defendants' Interrogatories and Request for Production of Documents by facsimile beginning At midnight, December 21, 2012.

4.     Plaintiff's deposition was scheduled, pursuant to Court Order, for December 21, 2012.

5.     Interrogatory No. 2 requested Plaintiff to provide "… the specific Amount of legal fees Plaintiff incurred in connection with her defense against the underlying Arrests/prosecutions at issue in this lawsuit. . . . "  See Attached hereto a true and correct copy of Defendants' First Set of Interrogatories and Request for Production of Documents Directed to Plaintiff, Shanna Snyder marked As Defendants' Exhibit "A".

6.     In response, Plaintiff Answered in part ". . . it is believe that in excess of $500 or more was spent on transcripts and photocopies."  What followed was a representation by Plaintiff that she would follow-up on the request.  See Attached hereto a true and correct of copy of Plaintiff's Responses to Defendants' First Set of Interrogatories And Request for Production of Documents marked As Exhibit "B".

7.     Interrogatory No. 3 requested that Plaintiff provide all of the names and addresses of any and all persons And/or witnesses with have knowledge of Allegations in Plaintiff's

Complaint with regard to specific Averments in the Complaint directed at each of the 12 North Huntingdon police officers. See Exhibit "A".

8. Plaintiff's response to Interrogatory No. 3 was completely non responsive. Furthermore, when Plaintiff was deposed she was Asked why she did not provide full And complete responses to Interrogatory No. 3 And she was evasive And unable to provide a response to Interrogatory No. 3, subparagraphs (A) through (l). See Attached hereto A true And correct copy of Plaintiff's deposition transcript, marked As Exhibit "C", pp. 52-56.

9. Plaintiff was asked in Interrogatory No. 6 to set forth "All items of special or compensatory damages which are being claimed in this action." See Exhibit "A".

10. Plaintiff's response was evasive And did not provide Any information As requested. See Exhibit "B".

11. Defendants' therefore seek the following relief:

   a. That Plaintiff be compelled, within 10 days of the Court's Order, to serve on the tenth day, full And complete responses to Interrogatory No. 2 or in the alternative, that Plaintiff be deemed to have admitted that she suffered no such losses.

   b. That Plaintiff be compelled to provide full And complete responses to Interrogatory No. 3, subparagraphs (A) – (l) within 10 days of the Court's Order, or in the alternative, that she be deemed to have admitted that she has no witnesses or other evidence to support the allegations in the Complaint against the police officer defendants.

   c. That within 10 days of the date of the Court's Order, Plaintiff be compelled to provide a full And complete accounting of All items of special or compensatory damages as requested in Interrogatory No. 6 order in the

Alternative, that Plaintiff be deemed to have suffered no such special or compensatory damages.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. In response to Request for Production No. 1, 5, 6, 8, 9, And 12, Plaintiff responded that she agreed ". . . to make available for inspection. . . " the items requested. See Exhibit "A" And B.

2. Defendants seek An Order compelling Plaintiff to produce All documents requested within 10 days of the date of the Court's Order or, in the Alternative, to be prohibited from producing at trial any of the documents subject to these requests.

3. Request for Production No. 3 requested medical records or, in the Alternative, that Plaintiff complete medical Authorizations. See Exhibit "A".

4. At her deposition Plaintiff was provided with two completed medical Authorizations for Leigh Ann Leonard And Mann McDermott, two therapists that she allegedly treated with as a result of psychiatric injuries.

5. Plaintiff agreed to consider executing the medical Authorizations them such that Defendants could collect treatment records for her alleged psychiatric counseling. See Response to Interrogatory No. 5.

6. To date, Plaintiff has not provided Defendants with the executed medical Authorizations.

7. Defendants seek an Order compelling Plaintiff within 10 days of the date of the Court's Order to provide fully executed medical Authorizations or in the alternative, an Order denying Plaintiff the opportunity to make a claim for any psychiatric or medical injuries.

8. Therefore, Defendants request an Order of Court compelling full and complete responses to the Interrogatories set forth above, as well as to be provided with documents sought in these discovery requests

WHEREFORE, the North Huntington Township Defendants respectfully request that the Court enter an Order consistent with the Proposed Order of Court filed contemporaneously with the within Motion to Compel.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: *s/ Paul D. Krepps*
PAUL D. KREPPS, ESQUIRE
PA ID #73038
**Counsel for North Huntingdon Township Defendants collectively**
US Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA 15219
(412) 803-1149 / (412) 803-1188 fax
pdkrepps@mdwcg.com

12/1751361.v1

# CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of the foregoing *Motion to Compel More Complete Discovery Responses* in the above captioned case via U.S. First-Class Mail, postage prepaid, this 13th day of February, 2013.

Shanni Snyder, *pro se*
P.O. Box 96
East McKeesport, PA 15035
*(Plaintiff)*

Shanni Snyder, *pro se*
2009 Luehm Avenue
North Versailles, PA 15137
*(Plaintiff)*

                                        **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**

BY:   *s/ Paul D. Krepps*
         PAUL D. KREPPS, ESQUIRE
         PA ID #73038
         **Counsel for North Huntingdon Township
Defendants collectively**