IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNI SNYDER<br>And *SHANNI SNYDER as natural guardian for minor child E.S.*,<br>      Plaintiff,<br>  v.<br><br>MICHAEL DAUGHERTY, DAVID BERTOK, ROBERT RIZZO, JAMES NOVAK, GREGORY ARENDAS, ROBERT DIPPOLITO, NICHOLAS DREISTADT, WILLIAM SOMBO, CARL STEINKOPF, WILLIAM KAUFFMAN, JEFFREY BOULDIN, ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, WILLIAM BOULDIN and ALLEN P. POWANDA a/k/a doing business as POWANDA RENTALS,<br>      Defendants. | CIVIL DIVISION<br><br>No: 11-879<br><br>U.S. District Judge Mark Hornak<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO PLAINTIFF, SHANNI SNYDER**

AND NOW, come Defendants, MICHAEL DAUGHERTY, DAVID BERTOK, ROBERT RIZZO, JAMES NOVAK, GREGORY ARENDAS, ROBERT DIPPOLITO, NICHOLAS DREISTADT, WILLIAM SOMBO, CARL STEINKOPF, WILLIAM KAUFFMAN, JEFFREY BOULDIN, and WILLIAM BOULDIN by and through their counsel, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, and propound the following Interrogatories Directed to the Plaintiff Shanni Snyder, and, pursuant to the Rules of Civil Procedure, demands that full, complete and responsive answers to these Interrogatories and Document Requests be delivered to Marshall, Dennehey, Warner, Coleman & Goggin, Suite 2900, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 152219 no later than December 20, 2012 per Court Order.

DEFENDANT'S EXHIBIT

These Interrogatories and Document Requests shall be deemed to be continuing in nature so as to require the supplementation of your answers if and when additional information should become known.

## DEFINITIONS

As used in this set of Interrogatories, the following terms shall have the meanings set forth below:

1. "Incident" or "accident" or "occurrence" (in some instances in these Interrogatories modified by "claimed" or "subject") shall mean the incident or accident, which is the subject of this lawsuit.

2. "Plaintiff", you", or "your" shall mean the Plaintiff in this action. "Defendant" shall mean the Defendant in this action, or any predecessor, subsidiary, division, affiliate or agent thereof, at the relevant time covered by your answers to these Interrogatories.

3. "Person" or "persons" shall mean any natural individual or any corporation, firm, partnership, proprietorship, association, joint venture, governmental entity, or any other business organization. An "agent" of any person shall mean any other person acting or purporting to act for and/or on behalf of such person including any director, officer, counsel or employee thereof.

4. "Document(s)" or "writing(s)" means any handwritten and typewritten, printed, recorded, graphic, photographic matter or sound reproduction, however produced or reproduced, including all originals or copies. "Documents(s)" also includes all electronically stored information, including but not limited to email, text messages and communications by any and all other electronic means.

\

## INSTRUCTIONS

1. Plaintiff shall answer each Interrogatory separately and fully, unless it is objected to, in which event the reason for the objection shall be stated.

2. Where precise or exact information, data or dates are not available, or known, state approximate information, data or dates with an indication that such information, data or dates are approximate rather than exact.

3. When an answer requires that a natural person should be identified, state his or her full name, present or last known address (and, if last known address, the last known date thereof).

4. Where an answer required the identification of a corporation or other business entity, state its name, its address, the name and address of each of its agents, who acted for it with respect to matters relevant to the Interrogatory involved, and its relationship, if any, with the Plaintiff.

5. In lieu of identification of a document, Plaintiff may furnish simultaneously with the filing of answers to these Interrogatories, such document for inspection and copying by Defendant at the office of Defendant's counsel, **Paul D. Krepps, Esquire, 2900 US Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219**, provided that such document is segregated and identified with respect to each particular Interrogatory to which it responds.

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

1. Set forth Plaintiff's full legal address and all temporary addresses at which Plaintiff resided as of July 1, 2011

**ANSWER:**

2. State the specific amount of legal fees Plaintiff incurred in connection with her defense against the underlying arrests/prosecutions at issue in this lawsuit. Attach any and all documents supporting Plaintiff's computation of legal fees including but not limited to invoices and bills from Plaintiff's criminal defense attorney and/or cancelled checks evidencing payment of legal fees.

**ANSWER:**

3. Identify and list the names and addresses of any and all persons and/or witnesses who may have knowledge of the allegations made in Plaintiff's Complaint including witnesses known to you, your attorneys, and your attorney's representatives, investigators and/or staff. Describe with specificity and in detail the substance of what the Plaintiff believes each person knows with regard to the following allegations contained in the First Amended Verified Complaint as follows:

    a. Averments regarding the conduct of Jeffrey Bouldin found in paragraphs 130-134;

    b. Averments regarding the conduct of Michael Daugherty found in paragraph 137;

4

      c.      Averments regarding the conduct of William Bouldin found in Count 6 and paragraphs 140-142 and 150;

      d.      Averments regarding the conduct of David Bertok found in Count 6 and paragraphs 135,136,138,139,140,142-145 and 152;

      e.      Averments regarding the conduct of Robert Rizzo found in Counts 3,4 and 5 and paragraphs 70,71-77,80-83,85-92,95-96,99-102,103,113-114,116,117,124;

      f.      Averments regarding the conduct of James Novak found in Counts 3,4 and 5 and paragraphs 70,72-77,80,81,83,85,87-92,94,95-96,98,99-102,113-114,117-123,126;

      g.      Averment regarding the conduct of Gregory Arendas found in paragraphs 47,50,51,56,137,138,139;

      h.      Averments regarding the conduct of Robert Dippolito found in paragraphs 47,50,51,54,55,56;

      i.      Averment regarding the conduct of Nicholas Dreistadt found at Counts 3,4 and 5 and paragraphs 70,77,80,83,85,87,88,89-92,95-96,99-102,113-114;

      j.      Averment regarding the conduct of William Sombo found in paragraphs 130-132;

      k.      Averments regarding the conduct of Carl Steinkopf found in Count 6 and paragraphs 135,136140-144,146,147,151,153,154,155;

      l.      Averments regarding the conduct of William Kauffman found in Count 6 and paragraph 148.

**ANSWER:**

4. Set forth the specific bodily and/or mental injuries, illnesses, and impairments whether physical, sensory, or motor infirmities, and/or other medical and/or other mental conditions allegedly suffered by Plaintiff as a result of the incidents which form the basis of this lawsuit.

**ANSWER:**

5. Identify every person, firm, hospital and/or institution that rendered medical attention to Plaintiff with regard to the claimed injury, illness, impairment, and/or disability as described in response to Interrogatory #4 including the dates that such services were extended to Plaintiff.

**ANSWER:**

6. State all items of special or compensatory damages which are claimed in this action. When answering this Interrogatory, please itemize the total amounts claimed by you as special damages. Attach any and all documents supporting Plaintiff's computation of damages.

**ANSWER:**

7. Did you or anyone on your behalf, conduct an investigation into the events set forth in the Complaint, or of any individuals who are in any way related to the events set forth in the Complaint? If you answered yes, identify all investigators retained to conduct such investigation and identify all persons contacted and the investigative activities conducted.

**ANSWER:**

8.      With regard to Plaintiff's alleged damages as set forth in her Complaint and these responses, please identify fully by name, home address, business address and any other identifying information the person or persons who will be able to testify in support of Plaintiff's damage allegations and state with regard to each person the information supplied by that person, its source and a brief description of what that person would testify to at trial, if so called to testify.

**ANSWER:**

9. Provide the names and addresses of all individuals who Plaintiff has or may contact as potential witnesses in this case.

**ANSWER:**

10. Provide the names and addresses of all individuals, including attorneys (whether currently licensed or not) who have provided legal advice, assistance, recommendations, suggestions or any type of written or electronic materials which Plaintiff has utilized for any reason prior to or during the course of this litigation which in any way pertains to this litigation.

**ANSWER:**

11.     Identify all education, training and experience of any type which Plaintiff received that pertained to the study or practice of the law. Attached to these responses copies and all certificates, diplomas or other documentary evidence of all education and training as described herein.

ANSWER:

## REQUEST FOR PRODUCTION OF DOCUMENTS

### DEFINITIONS

1. "You" and "Your" shall mean plaintiff, as well as your agents, attorneys, employees, accountants, consultants, independent contractors, and any other individual or entity associated or affiliated with you or purporting to act on your behalf with respect to the matter in question.

2. "Document" shall mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation, correspondence, memoranda, notes, speeches, press releases, diaries, calendars, agenda, statistics, letters, telegrams, minutes, contracts, purchase orders, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, offers, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, work papers, records of telephone calls or other communications or conversations, and all drafts, alterations, modifications, changes or amendments of any of the foregoing graphic or aural records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures) and electric or mechanical records of representations of any kind (including without limitation, tapes, cassettes, discs, and recordings).

3. "Relating to" shall include pertaining to, recording, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning or referring to, whether directly or indirectly.

4. The conjunctions "and" and "or" shall be interpreted to mean "and/or", and shall not be interpreted to exclude any information otherwise within the scope of any request.

5. "Persons" shall mean any individual, firm, partnership, corporation, association, business or governmental entity or subdivision, agency, department, and any "person" acting by or through, directly or indirectly, any other "person" as well as any "person" by whom such "person" was controlled with respect to the matter in question.

## REQUEST FOR PRODUCTION

1. A copy of all statements which have been taken in connection with this litigation including written statements, transcriptions or recorded interviews, and summaries of oral statements.

**RESPONSE:**


2. A copy of all notes, diaries, or other recordings made by the Plaintiff, Defendants, or any other person regarding the incident here involved in the possession of Plaintiff, as well as those events and circumstances leading up to and subsequent to the incident, as well as injuries, complaints, conditions and losses alleged to have been sustained.

**RESPONSE:**


3. A copy of all medical bills, medical reports, x-rays, charts and any other documents or materials whatsoever which record and/or document the care and treatment received by Plaintiff as a result of the subject incident. In lieu of providing a written response to this interrogatory, kindly execute a medical authorization for each health care provider. Copies

of all records which are received will be provided to you. See attached hereto blank medical authorizations.

**RESPONSE:**

4. If Plaintiff is making a claim for lost wages, a copy of all records, documents, tax returns, W-2 forms, and any data whatsoever for the past 10 years, showing Plaintiff's income for the years requested.

**RESPONSE:**

5. Any documentation in the possession of the Plaintiff or her representatives which Plaintiff contends supports her claim for losses set forth in her Complaint.

**RESPONSE:**

6. Copies of any and all reports, bills, invoices, estimates, application forms and each and every document whatsoever which establishes reasonable proof of the amount of loss and the fact of loss with regard to Plaintiff's claims.

**RESPONSE:**

7. Copies of any and all policies of insurance which provided Plaintiff with benefits or under which Plaintiff is entitled to receive benefits for injuries or property damage arising out of the incident which forms the basis of Plaintiff's claim.

**RESPONSE:**

8. All photographs, video recordings and diagrams of any person, place, or thing which is directly or indirectly related to the matter set forth in Plaintiff's Complaint.

**RESPONSE:**


9. Any and all memoranda, notes, summaries, items of correspondence, records, documents, or other form of data retention, not included in the foregoing requests made by you or obtained by you or your representative or any witness, contained in your files or other collections of records which pertain to the incident and damages alleged in Plaintiff's Complaint.

**RESPONSE:**


10. Produce any and all documents including but not limited to Plaintiff's underlying criminal defense counsel's file, notes, memoranda, e-mail, journals, logs and/or all other written correspondence or communication of any kind in the possession of Plaintiff or his criminal counsel not including any documents that may be subject to attorney/client privilege that relate to Plaintiff's underlying criminal proceeding(s) which are the subject of Plaintiff's Complaint.

**RESPONSE:**


11. All documents generated, received and/or procured relative to Plaintiff's underlying criminal proceedings including but not limited to a complete copy of Plaintiff's criminal records.

**RESPONSE:**

12. Provide a complete copy of Plaintiff's discovery packet produced in his underlying criminal proceeding which is the subject of Plaintiff's Complaint including any and all documents produced as a result of any informal request(s) for discovery including but not limited to requests made pursuant to Pa.R.Crim.P. 573-A.

**RESPONSE:**

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____
PAUL D. KREPPS, ESQUIRE
PA ID #73038
DANIELLE M. VUGRINOVICH, ESQUIRE
PA ID #88326
**Counsel for above-named Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of the within **Defendants' First Set of Interrogatories and Request for Production of Documents Directed to Plaintiff, Shanni Snyder,** in the above-captioned matter this 10th day of December, 2012, via U.S. First-Class Mail, postage pre-paid.

Shanni Snyder
P.O. Box 96
East McKeesport, PA  15035
*(Plaintiff)*

Shanni Snyder
2009 Luehm Avenue
North Versailles, PA  15137
*(Plaintiff)*

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
PAUL D. KREPPS, ESQUIRE
PA ID #73038
DANIELLE M. VUGRINOVICH, ESQUIRE
PA ID #88326
**Counsel for above-named Defendants**

12/1705862.v1