IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNI SNYDER, | ) CIVIL DIVISION |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-civ-879 |
| | ) |
| MICHAEL DAUGHERTY, et al, | ) |
| | ) |
| Defendants. | ) |

### RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECT TO PLAINTIFF, SHANNI SNYDER

Plaintiff Shanni Snyder ("Snyder") responds to the First Set of Interrogatories and Request for Production of Documents as follows:

1. In answering interrogatory 1, as Plaintiff was not properly evicted or ejected from her residence, her legal address is 1140 Augusta Circle, North Huntingdon, PA 15642. This was Plaintiff's sole residential address. After the police aided the self-help eviction, Snyder was forced to take up residency at the Marriott Residence Inn in Monroeville, Pennsylvania. Subsequently, Snyder moved to 2009 Leuhm Avenue, North Versailles, PA 15137. Snyder's address for mailing is Post Office Box 96, East McKeesport, PA 15035. Snyder maintains a business address of 14390 Route 30, Irwin, PA 15642.

2. In answering interrogatory 2, it is believed that in excess of $500 or more was spent on transcripts and photocopies. A search for documents occurred and receipts were not located. However, Plaintiff will make an inquiry to the court reporters to determine the costs paid. Once the information is obtained, this interrogatory will be supplemented.

   Court transcripts were obtained from the Court Report's Office of Westmoreland County and paid for. The exact amounts are not known and an inquiry will be made of that office.

   $2000 was paid to Tim Andrews, in part, for attempting to negotiate the return of some of the property from Kevin McCarl. McCarl obtained the property from Scalise who received permission from the police to retain it as stated in the lawsuit.



James Wymard is owed for services rendered in connection with representing me at the preliminary hearing in the defiant trespass that resulted in the dismissal of the case. I do not know the full amount I owe to Mr. Wymard; however, an inquiry will be made in this regard.

Lohman Reporting was paid for court reporting at the District Justice level and for the production of transcripts as to the defiant trespass. An inquiry will be made to determine the amounts paid.

3. In answering interrogatory 3, the following persons have information about the allegations: The majority of the allegations were based on the police reports written by the defendants. The following response is based on information and belief. It is impossible to know the extent of the witnesses' knowledge.

   a. Each of the defendants in the action have knowledge of the facts contained within the Complaint.

   b. Plaintiff has knowledge of the facts to the extent she witnessed them or reviewed the police reports written by the defendants.

   c. George Snyder, PO Box 15, Irwin PA 15642 has knowledge of the facts to the extent he witnessed the activities of the defendants.

   d. William Scalise, Pennsylvania Avenue, Irwin, PA 15642, has knowledge of his interactions, discussions with the police, statements made by him, statements made by him, statements made by the police, his conspiracy with Tammy Snyder, Sharon Snyder, and Kevin McCarl.

   e. Tammy Snyder and Kevin McCarl, Piatt Place, 7th Floor, Pittsburgh, Pennsylvania, may have knowledge of events, but the scope of their knowledge is unknown at this time.

   f. Sharon Snyder, 1140 Augusta Circle, Irwin, PA 15642 may have knowledge of certain events, but the scope of her knowledge is unknown.

   g. Allen Powanda has knowledge of the information he obtained from the police, his statements made to the police, the defendants' statements to him.

   h. Constable Brian Van Dusen, address unknown, may possess knowledge based on his presence and the activities he participated in, including the seizure of Snyder's property.

4. Plaintiff was directed by the police to leave her residence, enter their police car, participate in dialogue at the police station, and then not return to her residence or obtain her property. This resulted in severe emotional distress that required counseling services.

5. Plaintiff obtained counseling from the following service providers:

   Leanne Leonard
   Health Care solutions
   Greensburg, pa


   Nan McDermott
   Mon Yough Community Services
   McKeesport, pa

6. At this time, because discovery is continuing, a precise amount cannot be stated as to the amount sought. The basis of the amount sought, as will be determined through the discovery process, including investigating replacement value for the items that the police allowed William Scalise to obtain, will be provided as information is obtained. The damages that will be presented will be based on the costs of defending the criminal case that was dismissed as being without probable cause including attorney fees, transcripts, photocopies, parking, gasoline/vehicle use, etc. Additionally, damages based on the emotional distress stemming from the incidents and damages that generally result from being taken by police, detained, and then left without access to personal property or a place to live. Finally, damages will be based on the replacement value of the personal property that was lost as a result of the police allowing William Scalise to retain Snyder's personal property. The value of the items will be obtained during the discovery process. However, at present, there are no records of the replacement value of the items.

7. No investigator was retained. It was requested that Nullum Gratuitum Prandium Inc. provide Plaintiff with the addresses of the defendants for purpose of service, and NGP did provide the addresses. NGP conducted internet searches for information about the defendants and similar occurrences.

8. As to the property withheld from Shanni Snyder as a result of the police allowing Mr. Scalise to retain it, William Scalise and agents of McCarl's Services of Beaver Falls may have knowledge as to the facts.

9. The potential witnesses are described in these interrogatories above. However, as Plaintiff learns of other witnesses or makes contact, this interrogatory will be supplemented.

10. Plaintiff objects to this interrogatory as seeking information protected by the attorney client privilege and which is not relevant, and will not lead to relevant information pertaining to the lawsuit.

By way of further response, the following attorneys may have made informal suggestions to Snyder about the lawsuit, but no attorney ever provided formal legal advice or assistance.

James Wymard, address not present known.

Tim Andrews c/o Westmoreland County Solicitor.

Christine Kostello, address presently unknown

John Pushkar, address presently unknown

Caleb Bissett, address presently unknown.

Philip DiLucente, address unknown

Michael Sussman, 1730 South Federal, Delray Beach FL 33483. (non-attorney).

George Snyder, Jr. PO Box 15 Irwin, PA 15642 (non attorney)

George Snyder Sr. 98 Arlene Drive North Versailles, PA 15137 (non attorney)

Nullum Gratuitum Prandium Inc., research@nullumgratuitumprandium.com (legal research firm).

Kash Snyder North Versailles, PA 15137 (non attorney)

John Biros North Versailles PA 15137 (non attorney)

11. This interrogatory is objectionable on the basis that it is not relevant, and will not lead to relevant information, pertaining to the lawsuit. I have not had any formal legal training. My parents, George Snyder Sr. and Sharon Snyder, represented that my father was a special agent of the United States Government. During the years of his representation, they engaged in numerous legal disputes, both criminally and civilly. Unfortunately, they also used my name entangling me in legal disputes. Through dealing with their improprieties, I learned to navigate the legal system. My experience consists of actual litigation before the United States Bankruptcy Court, United States District Court, Court of Common Pleas, and various district justice courts.

I also learned from my ex-boyfriend Jerry McDermitt, an attorney, about legal procedure. I used to review his case files.

Plaintiff possesses two associates degrees from Community College of Allegheny County, Pennsylvania, in liberal arts and sciences and in social science.

## REQUEST FOR PRODUCTION

1. Subject to all objections, Plaintiff agrees to make available for inspection all statements which hav been taken in connection with the litigation.

2. Subject to all objections, Plaintiff notes that she already turned over the compact disc containing video from the incident. Plaintiff does not have notes or diaries.

3. A search for information responsive to this request occurred and no documents could be located. Absent a protective Order regarding the dissemination of confidential medical information, Plaintiff will not issue a release for the data. By way of further response, Plaintiff believes the payments for counseling needed as a result of the actions described in the Complaint was covered by insurance. As a result, Plaintiff has not sought damages for the price of the counseling.

4. Plaintiff has not made a claim for lost wages.

5. Subject to all objections, Plaintiff agrees to make available for inspection any documents relevant to this request. Discovery is ongoing and as additional documents are obtained, notification will be provided.

6. Subject to all objections, Plaintiff agrees to make available for inspection any documents relevant to this request.

7. At this time. Plaintiff is unaware of any insurance policy that would cover the damages alleged. Plaintiff does have medical insurance that paid for her therapy and, as a result, has not sought damages for the costs of the therapy itself.

8. Subject to all objections, Plaintiff agrees to make the requested items available for inspection.

9. Subject to all objections, Plaintiff agrees to make the requested items available for inspection.

10. Plaintiff objects to her providing any documents that constitute attorney-client work product such as "criminal defense counsel's files, notes, memoranda, e-mail, etc." Plaintiff does not have access to her prior counsel's files and she believes that, other than public information that has been agreed to be produced, all information would be privileged.

11. Subject to all objections, Plaintiff agrees to make available for inspection relevant documents. However, it is noted that Plaintiff has not acquired additional documents pursuant to this request from the courts and many documents are not in her possession but rather are public records on file with the Clerk of Courts.

12. Subject to all objections, Plaintiff agrees to make available relevant documents for inspection.

I, Shanni Snyder, declare and state that the foregoing responses are true and correct to the best of my knowledge, information, and belief. 28 USC 1746.

/s/ Shanni Snyder
Shanni Snyder

CERTIFICATE OF SERVICE

I, Shanni Snyder, faxed a true copy of the foregoing to Paul D. Krepps, Esquire, on December 20, 2012, at 5:20 p.m.

/s/ Shanni Snyder
Shanni Snyder