IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHANNI SNYDER,  )
  )
               Plaintiff,  ) Civil No. 11 cv 0879
  )
v.  )
  )
MICHAEL DAUGHERTY, et al,  )
  )
               Defendants.  )

## MOTION TO COMPEL DEFENDANTS TO ATTEND DEPOSITION

AND NOW COMES the Plaintiff, Shanni Snyder ("Snyder"), and moves this Court to compel the defendants to attend the noticed deposition.

1. On February 1, 2013, Plaintiff mailed a notice to the defendants directing them to attend depositions in this case. A copy of the deposition notice is attached hereto as Exhibit A.

2. The defendants advised by letter that they refused to appear for the depositions. A copy of the defendants' letter is attached hereto as Exhibit B.

### Attempt to Resolve

3. The defendants' letter of February 12, 2013, advises Snyder that, if she disagrees with their position, that she should "immediately file an appropriate motion with the Court."

4. Because of this language, it appears that any further discussion would be futile.

### Timeliness of Notice

5. This Court directed that depositions be noticed by February 1, 2013.

6. Notices of Deposition are not documents that are filed with the Clerk of Court since they are discovery materials.

7. On February 1, 2013, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), Snyder served the notices by mailing them to the defendants' legal counsel.

8. February 1, 2013, was a Friday. Counsel admits in their letter that they received the

notices on February 6, 2013, the Wednesday thereafter.

9. Counsel then states in their letter that, "Even allowing three days for mail, your notice was received grossly out of time."

10. The defendants' objection that they received the notices on February 6, 2013, appears frivolous since its hornbook law that the notices were served upon mailing.

11. The plain language of Rule 5(b)(2)(C) states that, "Service is complete upon mailing."

12. Service is effected when papers were mailed regardless of when they were received. *United States v. White*, 980 F2d 836, 840 n. 8 (2nd Cir. 1992). All Plaintiff needed to do was have the document "placed in an envelope... addressed to the opposing attorney... and deposited in a United States Post office or post office box." *Rivera v. M/T Fossarina*, 840 F2d 152, 155 (1st Cir. 1988). Service is complete at the instant the documents are placed into the hands of the United States Posta Office or a Post Office Box." *United States v. Kennedy*, 133 F3d 53, 59 (D.C. Cir. 1998).

13. In this case, Snyder deposited the documents in a United States Post Office box on February 1, 2013.

14. Therefore, the notices were served on time.

15. Considering the intervening weekend, and the fact that Snyder lives outside of Pittsburgh (152XX), counsel's receipt of the documents on February 6, 2013, does not appear unreasonable.

16. Counsel cites no prejudice caused by receiving the documents on February 6, 2013.

17. Rather, it appears that the defendants simply want to refuse to participate in a deposition despite their taking the deposition of the Plaintiff.

### Time for Deposition

18. Defendants object because Plaintiff used language in the Notice of Deposition that inferred that they may take more than one day. However, this was simply standard

language the Plaintiff included in her notice.

19. Common sense is that, since each defendant is scheduled for a deposition on a different day, it would be impossible for Plaintiff to ask that each defendant stay longer than one day.

20. Plaintiff recognizes that the depositions should take no longer than seven (7) hours.

21. Had counsel simply inquired, Plaintiff would have advised that she has no intention of keeping any of the defendants for more than seven (7) hours.

22. Plaintiff agrees that she will not depose any single person for more than seven (7) hours.

23. Indeed, Plaintiff does not believe the depositions will last more than four (4) hours per defendant, however, since she has not even received initial disclosures as of this date, the option should remain open.

## Authorized Officer

24. Nowhere in Plaintiff's notices did she state that an authorized officer, in this case a notary public, would not be present during the taking of depositions.

25. Plaintiff recognizes that she must have an officer present during the depositions that may place the deponents under oath, to wit, a notary public.

26. Therefore, the defendants refusal to attend is not valid.

## Conclusion

27. For the reasons set forth above, the Defendants' refusal to attend the depositions appears improper and the objections set forth are frivolous.

28. The defendants' position appears unreasonable and improper.

WHEREFORE, Plaintiff respectfully demands that this Court compel the Defendants to attend the depositions on the date they are directed to appear.

Respectfully submitted,

*[signature]*
Shanni Snyder
PO Box 96
East McKeesport, PA 15035
(412) 758-1371  Telephone
(412) 774-2210  Facsmile
s.snyder@box96.net

DEFENDANT

NOTE: To aid receipt of documents, Plaintiff requests that a courtesy copy be emailed to her.

## DECLARATION

I, Shanni Snyder, declare and state under the penalty for perjury that the foregoing is true and correct to the best of my knowledge, information and belief (28 USC 1746). I further declare that I mailed the document to Paul D. Krepps by First Class Mail by depositing the same in a United States Mail Postal Box, postage prepaid, on February 1, 2013.

*[signature]*
Shanni Snyder

## CERTIFICATE OF SERVICE

    I, Shanni Snyder, certify that I mailed a true and correct copy of the foregoing to Paul D. Krepps, Esquire; Suite 2900; 600 Grant Street; Pittsburgh, PA 15219 on this 20th day of February, 2013, by First Class Mail postage prepaid.

                                                _____
                                                Shanni Snyder